1  ANDRÉ BIROTTE JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   ELIEZER BEN-SHMUEL
4  Special Assistant United States Attorney
   California Bar Number: 160789
5        Room 7516 Federal Building
         300 North Los Angeles Street
6        Los Angeles, California 90012
         Telephone:   (213) 485-0439, ext. 5428
7        Facsimile:   (213) 253-9505
         Email:   eliezer.ben-shmuel@usdoj.gov
8
   Attorneys for Respondent
9  ERWIN MEINBERG

10

11               UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15 STEPHEN YAGMAN,              ) Case No.: 10-5860-SVW-CWx
                                )
16        Petitioner,           ) DECLARATION OF SARAH SCHUH IN
                                ) SUPPORT OF ANSWER TO
17    vs.                       ) PETITIONER'S PETITION FOR WRIT
                                ) OF HABEAS CORPUS PURSUANT TO 28
18 ERWIN MEINBERG, Acting Warden,) U.S.C. § 2241
                                )
19        Defendant             )
   ─────────────────────────────)
20

21 I, Sarah Schuh, hereby declare:

22      1.  I am currently employed by the Federal Bureau of

23 Prisons ("BOP") as an Attorney-Advisor for the Los Angeles

24 Consolidated Legal Center.  If called upon, I could and would

25 competently testify as set forth below.

26      2.  My duties as Attorney-Advisor include general case

27 management and preparation, provision of advice and guidance to

28

   Yagman v. Meinberg                    Declaration of Sarah Schuh
   Case No. 10-5860-SVW-CWx                                ANSWER
                        - 1 -

BOP executive staff, and assistance to the United States

Attorney's Office.

    3.  I am making this declaration in the case of <u>Stephen</u>

<u>Yagman v. Erwin Meinberg</u>, CV 10-5860-SVW-CWx, in which Stephen

Yagman ("Petitioner"), register number 43263-112, challenges the

disciplinary proceedings leading to a 40-day loss of good

conduct time as a sanction for his violation of Code 112, Use of

Narcotic Drugs.  <u>See</u> Petition, pgs. 20-23, 54-59.  This

declaration is in support of the Answer.

    4.  As part of my duties as Attorney-Advisor, I have access

to BOP logs and records concerning inmates incarcerated within

the federal correctional system.  More specifically, I have

access to the BOP database known as SENTRY.  SENTRY is capable

of generating reports regarding federal inmates, including

information about their location, sentence computations and

administrative remedies.  One of the reports that SENTRY can

generate is entitled "Public Information Inmate Data," which

provides a synopsis of all information that may be freely

released to the public regarding an inmate.  Attached hereto as

Exhibit A is a true and correct copy of the Public Information

Inmate Data report for Petitioner, dated October 4, 2010.  This

report shows the following information:

Yagman v. Meinberg                          Declaration of Sarah Schuh
Case No. 10-5860-SVW-CWx                                        ANSWER
                              - 2 -

1     A.    Petitioner is currently incarcerated at the

2            Metropolitan Detention Center in Los Angeles,

3            California ("MDCLA").  Ex. A at 1.

4     B.    On November 27, 2007, this Court sentenced Petitioner

5            in United States v. Stephen Yagman, Central District

6            of California, 06-CR-227-SVW, to a 36-month term of

7            imprisonment for violating 26 U.S.C. § 7201 and 18

8            U.S.C. § 2 (attempt to evade and defeat the payment of

9            tax, aiding and abetting, and causing an act to be

10           done) and 18 U.S.C. § 157 and 18 U.S.C. § 2

11           (bankruptcy fraud, aiding and abetting and causing an

12           act to be done); followed by two years of supervised

13           release.  See Ex. A at 2.

14     C.    Petitioner's projected release date is December 11,

15           2010.  Ex. A at 1.

16     5.   Another report that SENTRY is capable of generating is

17 titled "Inmate History, Adm-Rel," which provides a synopsis of

18 the admission and designation data of an inmate.  Attached

19 hereto is Exhibit B, a true and correct copy of this report for

20 the Petitioner, dated October 4, 2010.

21     A.   On May 13, 2010, the BOP transferred Petitioner from

22           the Federal Correctional Complex in Butner, North

23           Carolina ("FCC Butner") to a Residential Re-entry

24           Center in Los Angeles, California.

25     B.   On July 2, 2010, Petitioner returned to the MDCLA.

26     C.   On July 15, 2010, Petitioner transferred to San

27           Bernardino County Jail.

28

Yagman v. Meinberg               Declaration of Sarah Schuh
Case No. 10-5860-SVW-CWx                   ANSWER

1    D.   On July 20, 2010, Petitioner returned to MDCLA where he

2         remains as of the date of this declaration.

3    6.   Another report SENTRY is capable of generating is

4    called the "Administrative Remedy Generalized Retrieval Format,"

5    which is a synopsis of all administrative remedy requests filed

6    by an inmate.  A true and correct copy of Petitioner's

7    Administrative Remedy Generalized Retrieval Format, dated

8    October 4, 2010, is attached as Exhibit C.

9    7.   I have made a diligent search for all administrative

10   remedies filed by Petitioner relating to his petition.

11   A.   On August 6, 2010, the Western Regional Office

12        received Petitioner's administrative remedy request,

13        commonly referred to as a BP-10, appealing the

14        disciplinary findings and sanctions imposed on July

15        28, 2010, regarding a violation of code 112, and on

16

17        August 20, 2010, the Regional Director denied the

18        request.  Ex. C, p. 5 ("WXR", "08-06-10", "CLD", "08-

19        20-2010").  Attached as Exhibit D is a true and

20        correct copy of Petitioner's administrative remedy

21

22   \ \ \

23   \ \ \

24   \ \ \

25   \ \ \

26   \ \ \

27   \ \ \

28

Yagman v. Meinberg                    Declaration of Sarah Schuh
Case No. 10-5860-SVW-CWx                                 ANSWER
                          - 4 -

1    request to the Western Regional Director and the

2    Regional Director's response.

3    B.    As Petitioner has not appealed to the Office of

4          General Counsel, Petitioner has begun but not yet

5          exhausted the administrative remedy process.  Ex. C.

6

7

8    I declare under penalty of perjury pursuant to 28 U.S.C.

9    § 1746 that the foregoing is true and correct.

     Executed October 6, 2010, at Los Angeles, California.

10

11

12                          Sarah Schuh
                            Sarah Schuh
13                          Attorney-Advisor
                            Federal Bureau of Prisons
14                          Consolidated Legal Center,
                            Los Angeles, California
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Yagman v. Meinberg                    Declaration of Sarah Schuh
Case No. 10-5860-SVW-CWx                                  ANSWER
                          - 5 -

# Exhibit A

```
   LOSG2          *        PUBLIC INFORMATION        *    10-04-2010
PAGE 001          *           INMATE DATA            *    14:01:04
                              AS OF 10-04-2010

REGNO..: 43263-112 NAME: YAGMAN, STEPHEN

                     RESP OF: LOS
                     PHONE..: 213-485-0439   FAX: 213-253-9510
                                             RACE/SEX...: WHITE / MALE
                                             AGE: 65
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 12-11-2010                      PAR HEAR DT:
```

```
   G0002      MORE PAGES TO FOLLOW . . .
```

```
  LOSG2           *        PUBLIC INFORMATION        *     10-04-2010
PAGE 002          *           INMATE DATA            *     14:01:04
                            AS OF 10-04-2010

REGNO..: 43263-112 NAME: YAGMAN, STEPHEN

                  RESP OF: LOS
                  PHONE..: 213-485-0439   FAX: 213-253-9510
HOME DETENTION ELIGIBILITY DATE: 08-25-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-11-2010 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: CALIFORNIA, CENTRAL DISTRICT
DOCKET NUMBER...................: CR06-227(A)-SVW
JUDGE...........................: WILSON
DATE SENTENCED/PROBATION IMPOSED: 11-27-2007
DATE COMMITTED..................: 03-31-2008
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

               FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $1,300.00      $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT: $22,455.32

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  193
OFF/CHG: 26:7201 18:2 ATTEMPT TO EVADE AND DEFEAT THE PAYMENT OF TAX,
         AIDING AND ABETTING, AND CAUSING AN ACT TO BE DONE.
         18:157,2 BANKRPTCY FRAUD,AIDING AND ABETTING AND CAUSING AN
         ACT TO BE DONE.

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
 TERM OF SUPERVISION............:   2 YEARS
 DATE OF OFFENSE................: 04-01-1998




  G0002      MORE PAGES TO FOLLOW . . .
```

```
   LOSG2          *         PUBLIC INFORMATION          *    10-04-2010
PAGE 003 OF 003 *              INMATE DATA              *    14:01:04
                            AS OF 10-04-2010

REGNO..: 43263-112 NAME: YAGMAN, STEPHEN

                 RESP OF: LOS
                 PHONE..: 213-485-0439   FAX: 213-253-9510
--------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-29-2010 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-04-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 03-31-2008
TOTAL TERM IN EFFECT............:   36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 04-01-1998

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                    06-23-2006    06-23-2006

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 108
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 12-11-2010
EXPIRATION FULL TERM DATE.......: 03-29-2011


PROJECTED SATISFACTION DATE.....: 12-11-2010
PROJECTED SATISFACTION METHOD...: GCT REL




   G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

# Exhibit B

```
  LOSG2  531.01 *              INMATE HISTORY            *    10-04-2010
PAGE 001       *                 ADM-REL                *    14:02:01

  REG NO..: 43263-112 NAME....: YAGMAN, STEPHEN
  CATEGORY: ARS         FUNCTION: PRT       FORMAT:

FCL    ASSIGNMENT  DESCRIPTION                    START DATE/TIME STOP  DATE/TIME
LOS    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  07-20-2010 0910 CURRENT
LOS    ADM CHANGE  RELEASE FOR ADMISSION CHANGE   07-20-2010 0909 07-20-2010 0910
LOS    A-DES       DESIGNATED, AT ASSIGNED FACIL  07-20-2010 0836 07-20-2010 0909
3-J    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-20-2010 1136 07-20-2010 1136
3-J    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-20-2010 1135 07-20-2010 1136
CLB    TRANSFER    TRANSFER                       07-20-2010 0835 07-20-2010 0835
CLB    A-DES       DESIGNATED, AT ASSIGNED FACIL  07-15-2010 1230 07-20-2010 0835
3-J    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-15-2010 1530 07-15-2010 1530
3-J    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-15-2010 0955 07-15-2010 1530
LOS    HLD REMOVE  HOLDOVER REMOVED               07-15-2010 0655 07-15-2010 0655
LOS    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  07-02-2010 1520 07-15-2010 0655
3-J    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-02-2010 1820 07-02-2010 1820
3-J    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-02-2010 1819 07-02-2010 1820
CLB    TRANSFER    TRANSFER                       07-02-2010 1519 07-02-2010 1519
CLB    A-DES       DESIGNATED, AT ASSIGNED FACIL  05-13-2010 1845 07-02-2010 1519
0-J    RELEASE     RELEASED FROM IN-TRANSIT FACL  05-13-2010 2145 05-13-2010 2145
0-J    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-13-2010 1004 05-13-2010 2145
BUT    FURL TRANS  FURL W/UNESCORTED TRF TO A CCC 05-13-2010 1004 05-13-2010 1004
BUT    A-DES       DESIGNATED, AT ASSIGNED FACIL  08-04-2009 1750 05-13-2010 1004
S25    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-04-2009 1750 08-04-2009 1750
S25    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-04-2009 1716 08-04-2009 1750
BUH    HLD REMOVE  HOLDOVER REMOVED               08-04-2009 1716 08-04-2009 1716
BUH    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  08-04-2009 0934 08-04-2009 1716
S25    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-04-2009 0934 08-04-2009 0934
S25    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-04-2009 0850 08-04-2009 0934
BUT    TEMP REM    TEMPORARY REMOVAL              08-04-2009 0850 08-04-2009 1750
BUT    A-DES       DESIGNATED, AT ASSIGNED FACIL  09-16-2008 1326 08-04-2009 0850
S25    RELEASE     RELEASED FROM IN-TRANSIT FACL  09-16-2008 1326 09-16-2008 1326
S25    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-16-2008 1317 09-16-2008 1326
BUH    HLD REMOVE  HOLDOVER REMOVED               09-16-2008 1317 09-16-2008 1317
BUH    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  09-16-2008 0940 09-16-2008 1317
S25    RELEASE     RELEASED FROM IN-TRANSIT FACL  09-16-2008 0940 09-16-2008 0940
S25    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-16-2008 0851 09-16-2008 0940
BUT    TEMP REM    TEMPORARY REMOVAL              09-16-2008 0851 09-16-2008 1326
BUT    A-DES       DESIGNATED, AT ASSIGNED FACIL  08-12-2008 1055 09-16-2008 0851
6-P    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-12-2008 1055 08-12-2008 1055
6-P    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-12-2008 1053 08-12-2008 1055
BUF    HLD REMOVE  HOLDOVER REMOVED               08-12-2008 1053 08-12-2008 1053
BUF    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  08-01-2008 1554 08-12-2008 1053
0-J    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-01-2008 1554 08-01-2008 1554
0-J    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-01-2008 1536 08-01-2008 1554


  G0002     MORE PAGES TO FOLLOW . . .
```

```
   LOSG2  531.01 *              INMATE HISTORY              *    10-04-2010
 PAGE 002 OF 002 *                ADM-REL                   *    14:02:01

  REG NO..: 43263-112 NAME....: YAGMAN, STEPHEN
  CATEGORY: ARS        FUNCTION: PRT        FORMAT:

FCL     ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
BUT     TRANS SEG  TRANSFER-SEGREGATION         08-01-2008 1536 08-12-2008 1055
BUT     A-DES      DESIGNATED, AT ASSIGNED FACIL 06-09-2008 1240 08-01-2008 1536
S25     RELEASE    RELEASED FROM IN-TRANSIT FACL 06-09-2008 1240 06-09-2008 1240
S25     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-09-2008 1132 06-09-2008 1240
BUH     HLD REMOVE HOLDOVER REMOVED             06-09-2008 1132 06-09-2008 1132
BUH     A-BOP HLD  HOLDOVER FOR INST TO INST TRF 06-09-2008 0903 06-09-2008 1132
S25     RELEASE    RELEASED FROM IN-TRANSIT FACL 06-09-2008 0903 06-09-2008 0903
S25     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-09-2008 0848 06-09-2008 0903
BUT     TEMP REM   TEMPORARY REMOVAL            06-09-2008 0848 06-09-2008 1240
BUT     A-DES      DESIGNATED, AT ASSIGNED FACIL 05-30-2008 1209 06-09-2008 0848
S25     RELEASE    RELEASED FROM IN-TRANSIT FACL 05-30-2008 1209 05-30-2008 1209
S25     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-30-2008 1154 05-30-2008 1209
BUH     HLD REMOVE HOLDOVER REMOVED             05-30-2008 1154 05-30-2008 1154
BUH     A-BOP HLD  HOLDOVER FOR INST TO INST TRF 05-30-2008 0950 05-30-2008 1154
S25     RELEASE    RELEASED FROM IN-TRANSIT FACL 05-30-2008 0950 05-30-2008 0950
S25     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-30-2008 0908 05-30-2008 0950
BUT     TEMP REM   TEMPORARY REMOVAL            05-30-2008 0908 05-30-2008 1209
BUT     A-DES      DESIGNATED, AT ASSIGNED FACIL 03-31-2008 1452 05-30-2008 0908
9-L     RELEASE    RELEASED FROM IN-TRANSIT FACL 03-31-2008 1452 03-31-2008 1452
9-L     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-18-2007 1618 03-31-2008 1452
DSC     ADMIN REL  ADMINISTRATIVE RELEASE       12-18-2007 1518 12-18-2007 1518
DSC     A-ADMIN    ADMINISTRATIVE ADMISSION     12-18-2007 1517 12-18-2007 1518



   G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# Exhibit C

```
    LOSG2            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *       10-04-2010
    PAGE 001 OF                                                          14:01:28
         FUNCTION: L-P SCOPE: REG   EQ 43263-112    OUTPUT FORMAT: SAN_____
    --------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
    DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
    DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
    DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
    STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
    SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
    EXTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
    RCV  OFC : EQ ____       ____       ____       ____       ____       ____
    TRACK:  DEPT: _____ _____ _____ _____ _____ _____
          PERSON: _____ _____ _____ _____ _____ _____
            TYPE: ___       ___        ___        ___        ___        ___
    EVNT FACL: EQ ___        ___        ___        ___        ___        ___
    RCV FACL.: EQ ____       ____       ____       ____       ____       ____
    RCV UN/LC: EQ ____       ____       ____       ____       ____       ____
    RCV QTR..: EQ _____ _____ _____ _____ _____ _____
    ORIG FACL: EQ ____       ____       ____       ____       ____       ____
    ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
    ORIG QTR.: EQ _____ _____ _____ _____ _____ _____




    G0002      MORE PAGES TO FOLLOW . . .
```

```
  LOSG2           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      10-04-2010
PAGE 002 OF        *              SANITIZED FORMAT               *      14:01:28

  REMEDY-ID      SUBJ1/SUBJ2  --------------------ABSTRACT-----------------------
                 RCV-OFC      RCV-FACL      DATE-RCV       STATUS      STATUS-DATE

490320-F1        13AM/        CLAIMS CIM CLASSIFICATION IS DUE TO RETALIATION
                 BUT          BUT           04-17-2008      CLD         05-08-2008

492605-F1        10CM/        WANTS TRANFER TO LOMPOC-LOWER CARE LEVEL-FAMILY TIES
                 BUT          BUT           05-06-2008      CLO         05-19-2008

490320-R1        13AM/        CLAIMS CIM CLASSIFICATION IS DUE TO RETALIATION
                 MXR          BUT           05-16-2008      CLD         08-05-2008

494611-F1        26DM/        INMATE DISAGREES WITH MEDICATION - FORMULARY
                 BUT          BUT           05-22-2008      VOD         05-23-2008

494611-F2        26DM/        INMATE DISAGREES WITH MEDICATION - FORMULARY
                 BUT          BUT           05-22-2008      CLD         07-02-2008

500035-F1        25ZM/15ZM    MANY ISSUES: LEGAL/HOUSING/LIVING COND/MEDICAL
                 BUT          BUT           07-08-2008      VOD         07-08-2008

500035-F2        25ZM/15ZM    MANY ISSUES: LEGAL/HOUSING/LIVING COND/MEDICAL
                 BUT          BUT           07-08-2008      REJ         07-08-2008

494611-R1        10BM/        WANTS TRSF TO MED CENTERVSFCI; SCRIPT FOR AVAPRO/BP
                 MXR          BUT           07-18-2008      CLD         08-05-2008

500035-R1        25ZM/15ZM    MANY ISSUES: LEGAL/HOUSING/LIVING COND/MEDICAL
                 MXR          BUT           07-21-2008      REJ         07-21-2008

500035-A1        25ZM/15ZM    MANY ISSUES: LEGAL/HOUSING/LIVING COND/MEDICAL
                 BOP          BUF           08-06-2008      REJ         08-08-2008

505397-F1        15ZM/        INMATE SHOULD NOT SIGN FRP CONTRACTS-ASSESSMENTS/FIN
                 BUT          BUT           08-21-2008      CLD         09-05-2008

494611-A1        10BM/        WANTS TRSF TO MED CENTERVSFCI; SCRIPT FOR AVAPRO/BP
                 BOP          BUT           08-25-2008      REJ         08-28-2008

490320-A1        13AM/        CLAIMS CIM CLASSIFICATION IS DUE TO RETALIATION
                 BOP          BUT           08-25-2008      CLD         10-21-2008

494611-A2        10BM/        WANTS TRSF TO MED CENTERVSFCI; SCRIPT FOR AVAPRO/BP
                 BOP          BUT           09-15-2008      REJ         09-19-2008

505397-R1        15ZM/        INMATE SHOULD NOT SIGN FRP CONTRACTS-ASSESSMENTS/FIN
                 MXR          BUT           09-24-2008      CLD         10-30-2008

494611-A3        10BM/26BM    WANTS SPECIFIC BLOOD PRESSURE MEDS
                 BOP          BUT           10-02-2008      CLD         11-06-2008

  G0002        MORE PAGES TO FOLLOW . . .
```

```
   LOSG2          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      10-04-2010
 PAGE 003 OF      *              SANITIZED FORMAT              *      14:01:28

  REMEDY-ID     SUBJ1/SUBJ2 --------------------ABSTRACT-----------------------
                RCV-OFC     RCV-FACL    DATE-RCV      STATUS      STATUS-DATE

 505397-A1     15ZM/       INMATE SHOULD NOT SIGN FRP CONTRACTS-ASSESSMENTS/FIN
               BOP         BUT         01-02-2009    REJ         01-12-2009

 505397-A2     15ZM/       INMATE SHOULD NOT SIGN FRP CONTRACTS-ASSESSMENTS/FIN
               BOP         BUT         02-19-2009    CLD         04-10-2009

 529319-F1     16ZM/       LEGAL MAIL OPENED BY MAILROOM STAFF
               BUT         BUT         03-10-2009    CLD         03-25-2009

 529329-F1     16ZM/       LEGAL MAIL OPENED WITHOUT HIS PRESENCE
               BUT         BUT         03-10-2009    CLO         03-25-2009

 534030-R1     33FM/       INMATE COMPLAINS LEGAL MAIL OPENED OUTSIDE PRESENCE
               MXR         BUT         03-13-2009    REJ         03-13-2009

 530134-F1     16AM/34AM   OPENED LEGAL MAIL-INAPPROPRIATE CONDUCT BY SUPERVISO
               BUT         BUT         03-16-2009    CLD         04-03-2009

 530265-F1     16AM/       LEGAL MAIL OPENED - UNCONSTITUTIONAL
               BUT         BUT         03-17-2009    CLD         04-06-2009

 530269-F1     16AM/       LEGAL MAIL OPENED - UNCONSTITUTIONAL
               BUT         BUT         03-17-2009    VOD         03-17-2009

 530269-F2     16AM/       LEGAL MAIL OPENED - UNCONSTITUTIONAL
               BUT         BUT         03-17-2009    REJ         03-17-2009

 529319-R1     16ZM/       LEGAL MAIL OPENED BY MAILROOM STAFF
               MXR         BUT         04-02-2009    CLD         06-03-2009

 529329-R1     16ZM/       LEGAL MAIL OPENED WITHOUT HIS PRESENCE
               MXR         BUT         04-02-2009    CLD         06-03-2009

 535998-R1     33FM/       COMPLAINS ABOUT THE HANDLING OF HIS LEGAL MAIL
               MXR         BUT         04-02-2009    REJ         04-02-2009

 530134-R1     16AM/34AM   OPENED LEGAL MAIL-INAPPROPRIATE CONDUCT BY SUPERVISO
               MXR         BUT         04-13-2009    CLD         06-09-2009

 534030-A1     33FM/       INMATE COMPLAINS LEGAL MAIL OPENED OUTSIDE PRESENCE
               BOP         BUT         04-22-2009    REJ         05-06-2009

 535998-A1     33FM/       COMPLAINS ABOUT THE HANDLING OF HIS LEGAL MAIL
               BOP         BUT         05-13-2009    REJ         05-29-2009

 542274-R1     33FM/       SPECIAL MAIL
               MXR         BUT         05-18-2009    REJ         05-18-2009

 G0002         MORE PAGES TO FOLLOW . . .
```

```
  LOSG2          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    10-04-2010
PAGE 004 OF      *              SANITIZED FORMAT               *    14:01:28

  REMEDY-ID    SUBJ1/SUBJ2  --------------------ABSTRACT------------------------
               RCV-OFC     RCV-FACL     DATE-RCV      STATUS      STATUS-DATE

542840-F1      25DM/       REQUESTS A LAMP IN HIS CUBICLE/LAMP CONFISCATED
               BUT         BUT          06-12-2009    CLD         07-02-2009

543043-F1      25ZM/25DM   DISCRIMINATION/RETALIATION BY STAFF REQUEST REPRIMAN
               BUT         BUT          06-15-2009    CLD         07-02-2009

529329-A1      16ZM/       LEGAL MAIL OPENED WITHOUT HIS PRESENCE
               BOP         BUT          06-17-2009    CLO         09-18-2009

542274-A1      33FM/       SPECIAL MAIL
               BOP         BUT          06-22-2009    REJ         07-08-2009

542274-A2      33FM/       SPECIAL MAIL
               BOP         BUT          06-22-2009    REJ         07-10-2009

529319-A1      16ZM/       LEGAL MAIL OPENED BY MAILROOM STAFF
               BOP         BUT          06-22-2009    CLD         09-18-2009

535998-A2      33FM/       COMPLAINS ABOUT THE HANDLING OF HIS LEGAL MAIL
               BOP         BUT          06-22-2009    REJ         07-10-2009

530265-A1      16AM/       LEGAL MAIL OPENED - UNCONSTITUTIONAL
               BOP         BUT          06-22-2009    REJ         07-10-2009

543043-R1      25ZM/25DM   DISCRIMINATION/RETALIATION BY STAFF REQUEST REPRIMAN
               MXR         BUT          07-13-2009    CLD         07-21-2009

542840-R1      25DM/       REQUESTS A LAMP IN HIS CUBICLE/LAMP CONFISCATED
               MXR         BUT          07-13-2009    CLD         07-23-2009

547057-F1      21AM/       WANT INCIDENT REPORT AND SANCTIONS REVERSED/EXPUNGED
               BUT         BUT          07-14-2009    CLD         07-21-2009

547057-R1      21AM/       WANT INCIDENT REPORT AND SANCTIONS REVERSED/EXPUNGED
               MXR         BUT          07-24-2009    CLG         03-01-2010

542840-A1      25DM/       REQUESTS A LAMP IN HIS CUBICLE/LAMP CONFISCATED
               BOP         BUT          08-05-2009    CLD         11-16-2009

547057-A1      21AM/       UDC APPEAL/ CODE 305 /HEARING 07-08-2009
               BOP         BUT          10-13-2009    CLD         01-26-2010

579018-F1      21AM/       APPEAL UDC SANCTIONS
               BUT         BUT          03-02-2010    CLD         03-11-2010

579018-R1      21AM/       APPEAL UDC SANCTIONS
               MXR         BUT          03-18-2010    CLD         08-18-2010

  G0002        MORE PAGES TO FOLLOW . . .
```

```
   LOSG2          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    10-04-2010
PAGE 005 OF 005 *              SANITIZED FORMAT                *    14:01:28

 REMEDY-ID     SUBJ1/SUBJ2  -------------------ABSTRACT-----------------------
               RCV-OFC      RCV-FACL     DATE-RCV       STATUS     STATUS-DATE

602043-R1      19ZM/        DHO HEARING 07-28-10 CODE: 112
               WXR          LOS          08-06-2010     CLD        08-20-2010

579018-A1      21AM/        APPEAL UDC SANCTIONS
               BOP          LOS          08-30-2010     REJ        09-14-2010
```

```
              50 REMEDY SUBMISSION(S) SELECTED
   G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

# Exhibit D

TRULINCS 43263112 - YAGMAN, STEPHEN - Unit: LOS-F-S
--------------------------------------------------------------------------------

FROM: 43263112
TO: Yagman, Marion
SUBJECT: appeal of discipline
DATE: 8/4/2010 6:09:33 PM

STEPHEN YAGMAN



43263-112
Box 1500
L.A., CA 90053

August 4, 2010

Robert McFadden
Regional Director, BOP
7338 Shoreline Drive
Stockton, CA 95219

Re: Appeal of 2046414

Dear Mr. McFadden:

This letter is written to appeal from the disposition of the above-numbered disposition, pursuant to the advisement at page of the CDC's Report that an appeal may be taken "by letter within 20 days of the imposition of the sanction to the Regional Director." I am unable to attach the 30 pages of papers served on me today because I am unable to make copies of them and do not want to relinquish the only copy I have. I understand that you have or may access the complete packet of 30 pages given to me.

My appeal is based on the following:
1. The halfway house medication policy, page 10 of the packet, didn't apply to my conduct and didn't prohibit my conduct, that is, taking at work prescription medication for a very bad stomach ache, or, as in this instance, prescription medication I notified both the BOP (when I entered the camp at Butner on March 31, 2008) I was taking (and of which I gave them a list -- the same list, dated 03/31/08 -- I also provided to the halfway house intake person, John Uyeda, when I checked in there on May 13, 2010). It doesn't apply to prescription medication not taken into and not taken in the halfway house. The policy stresses that "ANY MEDICATION . . . [SHOULD NOT BE TAKEN] TO YOUR ROOM WITHOUT STAFF APPROVAL." I never had the medication at the halfway house, nor did I take the one pill at the halfway house. I simply didn't commit a prohibited offense.

I provided John Uyeda, who did the intake on me, with the list of medications I was taking at intake, at page 27 of the packet given to me, as I had to the camp at Butner, and he authorized me to take all the listed medications, but when I asked to call him as a witness, that was refused. This was a denial of due process and my stated right to call witnesses.

2. The Incident Report wasn't served on me until July 7, 2010, past the required time, and though Katherine Turner signed a paper in which she said she served me on July 2, that statement was false, as is admitted by the last page of the packet, p. 30, in which a waiver of timely service was sought, after the fact, and when it was realized that Turner didn't tell the truth. Her statements and the waiver are irreconcilably in conflict.

3. The hearing was held both too late and too early because it wasn't held by when it was supposed to be held and also because it was held less than 24 hours after the Incident Report finally was served on me on July 7, 2010 at 11:45 a.m. and then the hearing was held on July 8, 2010 at 10:30 a.m.

4. Both nos. 2 and 3 prejudiced me in having time to gather evidence, to wit, the pharmacy records and witnesses, my doctor, and in being able to prepare a defense.

5. I had no opportunity to test the urine sample or to have an independent urine sample done, as I never stated unequivocally that I took Donnatol or Bellatol, but only that "if the test was correct," then my having taken it for a stomach ache I remembered would be the only explanation for the negative urine test. I had no opplortunity to cross-examine the person(s) who did the testing, and a recent U.S. Supreme Court case (whose name at this moment I can't remember) stands for the proposition that persons cannot be convicted based on scientific evidence unless the person who, himself has done the testing can be examined: that is, the simple

use of a report is insufficient to sustain a conviction. I believe this principle applies to my situation.

6. There is no halfway house medical staff to prescribe medication, and in the emergency I had of a very bad upset stomach, it was not unreasonable for me to take one prescription pill for that. I did not knowingly or intentionally violate any rule. Moreover, the subject incident didn't occur at a "facility," as is set forth at #6 of the Incident Report, but occurred when I took the pill at my home, where I was authorized to be working on June 21 and June 22.

7. In conclusion, I didn't knowingly or intentionally violate any rule or policy at all; I was authorized both by my physician and John Uyeda to take the subject medication and it was not unreasonable for me to have taken it (if, in fact I did, and that is the only possible explanation, if the urine test result is accurate); and I should have gone to home confinement on July 23, as authorized, and should not have been taken into custody, found culpable, have 40 good time days taken away, and have to remain in prison from now until Dec. 11, 2010, based on what occurred, because that is unreasonable.

Please promptly review this matter and send me to home confinement or back to a halfway house and expunge this matter from my record. I never, ever have taken any non-prescription medication, in my entire life -- I'm nearly 66 years old -- nor have I ever taken any illegal drug, nor do I drink alcohol. This entire matter seems to me to be absurd. Thank you.

Sincerely,

STEPHEN YAGMAN

602043-R1                           YAGMAN, Stephen                        43263-112
MDC Los Angeles

You are requesting administrative relief regarding the July 7, 2010, decision of the Center
Discipline Committee (CDC) which was certified by the Discipline Hearing Officer (DHO), on
July 28, 2010, in which you were found to have committed the prohibited act of Use of
Narcotics, while at Cornell-Marvin Gardens Facility, a Residential Re-entry Center (RRC). You
make various claims which are addressed in this response. For relief, you seek to have the
incident report expunged, sent to home confinement or sent back to the RRC.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO
substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO
based its decision on some facts, and if there was conflicting evidence, whether the decision was
based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed
according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated you were provided due process as required by
Program Statement 7300.09, Community Corrections Manual. The record indicates that on
July 2, 2010, you were provided a written notice of the charge against you 24 hours prior to
appearing before the CDC. You were afforded the right to have staff representation and to call
witness. You waived your right to staff representation and invoked your right to call witnesses.
You were afforded the right to present a statement and submit documentary evidence. Your
admission of taking a medication (Donnatal), is reflected in the record and addressed by the
CDC. The record shows you did not present documentary evidence in your defense.

The CDC detailed the evidence used to find that you committed the prohibited act as charged.
Upon review of the record, the charge of Use of Narcotics was upheld by the DHO, who imposed
sanctions in accordance with policy. We find no abuse of discretion in this matter.

You claim your witnesses were not called. The record shows you called two staff members as
witnesses. One witness who was unavailable submitted a written statement which was addressed
by the CDC and DHO. The other witness, who is no longer employed at the RRC, was not called
because the witness was not reasonably available.

You claim there is a discrepancy in the CDC hearing dates, as a result, you had a delayed CDC
hearing. The CDC hearing was conducted on time, on July 7, 2010. This fact is supported by
documents included in the record which bears the signatures of two staff members.

You claim you did not have enough time to prepare a defense, however the record shows you
were afforded more than the minimum allotted time (24 hours) to prepare a defense. In addition,
no evidence was found in the record indicating you requested to postpone or suspend the
disciplinary process to prepare a defense.

You claim you were not afforded the opportunity to test the urine sample or to have an
independent urine sample done. You also claim you were not afforded the opportunity to cross-

602043-R1                          YAGMAN, Stephen                    43263-112
MDC Los Angeles

examine the person who tested the sample.  You do not have the right to have evidence
independently tested, or to cross-examine witnesses.

You claim the incident did not occur in the facility as indicated in Section 6 of the incident
report, but while you were at your home.  Although you claim you took the medication at your
home, on an earlier date, the record shows that you were tested for use of drugs at the RRC.  That
location was reported as the place you committed the offense.

You claim you did not knowingly or intentionally violate any rule or policy because you were
authorized by your physician and staff.  However, the record shows you were not prescribed
medication or authorized to use medication (Donnatal) that was previously prescribed to you, at
the time of the offense.

We find that staff afforded you the appropriate due process protections for inmate discipline
actions and that staff met the evidentiary standard required for finding that you committed the
prohibited act.  Therefore, any request for relief from this discipline action is denied.

If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of
Prisons, 320 First Street, NW, Washington, D.C., 20534.  Your appeal must be received in the
General Counsel's Office within 30 calendar days of the date of this response.

_____               _____
        DATE                              ROBERT E. MCFADDEN, Regional Director