STEPHEN YAGMAN, 43263-112
Box 1500
Los Angeles, CA 90053

Attorney for Petitioner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN YAGMAN, | CV-10-5860-SVW(CW) |
| Petitioner, | EX PARTE APPLICATION TO STRIKE ANSWER |
| v. | |
| ERWIN MEINBERG, etc., | Nov. 2, 2010<br>10:00 a.m.<br>Courtroom 640 |
| Respondent. | Hon. Carla Woehrle |

_____

      PLEASE TAKE NOTICE that petitioner applies ex parte to the court to strike the Oct. 7, 2010 answer of respondent, and that oral argument, if any, will be heard as set forth above. This application is based on the ground that this court has no jurisdiction to entertain the answer because it was jurisdictionally out-of-time, and is based on the following Memorandum of Points and Authorities. This application is made ex parte, and there is good cause for it to be made ex parte, because there is not sufficient time within which to make a noticed motion, the statutorily-mandated speed with which the instant habeas action was supposed to

1

have be litigated severely has been thwarted by its continued pendency for two months, because of a legally-unauthorized and frivolous motion by respondent, see infra, and all the while petitioner's illegal confinement has continued, while respondent's counsel has gone off to conferences and on vacation.

                                                          _____
                                                          STEPHEN YAGMAN

## MEMORANDUM OF POINTS AND AUTHORITIES

Were the instant ex parte application to be made on noticed motion, it could not be heard and acted upon before petitioner would suffer the additional harm of being imprisoned beyond his statutorily-mandated release, or "out date" of Nov. 8, 2010. Thus, there is a significant basis for it to be made ex parte. If it were not made ex parte, then petitioner would suffer truly irremediable harm of imprisonment beyond his proper release time.

Section 2241 habeas corpus petitions are statutorily-structured to be heard both speedily and efficiently. Yet, chronically BOP has thwarted the statutorily-mandated goals by making time-consuming and delaying motions in response to such petitions, whose effect is to slow them down and prevent the speedy relief Congress mandated by enacting the procedural scheme under which Section 2241 petitions ARE SUPPOSED TO BE heard. Affirmative defenses to habeas petitions are not authorized to be asserted by motion, but instead are available to be pled as defenses in the answer. Unfortunately, BOP, with the apparent indulgence of the federal bench, routinely makes unauthorized motions to dismiss based on failure to exhaust, and the effect of these motions is to stall and delay the speedy progress of disposition of such petitions on the merits.

Affirmative defenses, such as failure to exhaust, are supposed to be considered along with the merits of habeas petitions.

Title 28 U.S.C. 2243 provides that in Section 2241 habeas corpus actions a return shall be made, when ordered, within three days, or within an additional 20 days when good cause for an extension of time has been shown and credited. In this action, Judge Wilson on Aug. 6, 2010 ordered that an answer be made within the statutory, three-day period, by Aug. 11, 2010. No extension of time was sought or granted. (Indeed, there is no statutory right to answer at all. "A court [may] . . . forthwith award the writ . . . ." 28 U.S.C. 2243.)

The time limitation set forth in Section 2243 is statutory and therefore, it is jurisdictional. The result of those two legal facts is that the out-of-time answer made on Oct. 7, 2010 is extra-jurisdictional and the court has no jurisdiction to entertain it or to consider it. (It matters not that a motion to dismiss was filed, if only because Rule 12[b], F.R. Civ. P., is inapplicable in Section 2241 habeas actions. See Rule 81[a][4][A], F.R. Civ. P.)

In Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed. 2d 96, 99-100 (2007), the Supreme Court held that when

> the filing of a paper in a civil case within the time prescribed by statute is "mandatory and jurisdictional." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 . . . (per curiam). There is a significant distinction between time limitations set forth a statute . . . , which limit a court's jurisdiction, see, e.g. Kontrick v. Ryan, 540 U.S. 443, 453 . . ., and those based on court rules, which do not . . . . [Citations omitted.] . . . Because Congress decides, within constitutional bounds, whether federal courts can hear cases at all, it can also determine when and under what conditions, federal courts can hear them. . . . Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in [section] 2107(c), Bowles' failure to file in accordance with the statute deprived the Court of Appeals of jurisdiction. And because Bowles' error is one of jurisdictional magnitude, he cannot rely on forfeiture or waiver to excuse his lack of compliance.

Mutatis mutandis, the same is true here as to respondent's failure timely to file his answer, and this court is without any jurisdiction to excuse the jurisdictional error. The Court continued:

> Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them. [Citation omitted.] . . . [I]t is no less "jurisdictional when Congress forbids federal courts from adjudicating an otherwise legitimate "class of cases" after a certain period has elapsed . . . .

4

Id. at 168 L.Ed. 2d at 104. Here, because Congress decided that respondents in Section 2241 habeas corpus actions must file their answers within three (or 23) days, that time limit is jurisdictional and a Section 2241 respondent statutorily, and therefore jurisdictionally, barred from filing an answer after the prescribed time period has elapsed. Such is the case here, and the court jurisdictionally is barred, because there is no subject matter jurisdiction, from considering the answer.

This is the result when respondents, especially the federal Bureau of Prisons, as here, abuse the habeas statute and chronically, habitually, and in bad faith, thwart the speediness intended by Congress for the habeas process and usually take unfair advantage of prisoners who are not learned in the law, but now finally get caught by a federal civil rights lawyer/prisoner who understands the law and is able, at long last, to stand up to them. Hopefully, this case will put an end to this hoary and sharp practice by BOP lawyers. An end to this will put pay to unconscionable delays caused by such motions that routinely are made by BOP in all habeas actions, and whose aim and effect is delay, instead of statutorily-mandated speed.

The Court also has held, repeatedly, that statute-based filing periods for civil cases are jurisdictional, see, e.g., Federal Election Comm'n v. NRA Political Victory Fund, 513 U.S.88, 90 (1994), and that there is "jurisdictional significance" to the legal fact that a time limitation is set forth in a statute. Kontrick v. Ryan, 540 U.S. 443 (2004).

Thus, parties in federal civil actions must file papers within statutory time limits and district courts have limited authority to grant an extension of time. Relevant to this case, if certain conditions are met, district courts have statutory authority to grant motions for an extension of time, in this case only up to 20 days, but no such extension was sought. Therefore, respondent's answer was dead on

arrival. And, as Chevy Chase was wont to repeat on "Saturday Night Live," of Generalisimo Francisco Franco, "Generalisimo Francisco Franco is still dead."

  Pursuant to the above authorities, it is clear that the greater power of Congress to decide what cases federal courts may hear at all includes the lesser power to decide UNDER WHAT CIRCUMSTANCES such cases may be heard. By parity of logic, they also demonstrate that the greater, plenary power of this court to decide whether respondent can confine petitioner at all includes the lesser power to determine the condition of petitioner's confinement, to wit, where, in prison or in home confinement, respondent may incarcerate petitioner. This is one reason a Section 2241 habeas is called a "conditions of confinement" habeas. This is so notwithstanding respondent's arrogant contention that only respondent has the power to decide where he confines petitioner. Thus, the court's power to end petitioner's confinement includes the lesser power to control the conditions and place of his confinement. Respondent's arrogant contention to the contrary, that only BOP may "designate" where it confines petitioner, is utterly baseless. It merely is BOP's ipse dixit.)

  Therefore, the court may not consider respondent's answer and must consider the petition on its own merits. Because Judge Wilson necessarily made the determination in his initial screening of the petition that it would warrant relief as a predicate for his order that respondent answer ("A court . . . shall forthwith . . . issue an order directing the respondent to show cause . . . unless it appears . . . the . . . person detained is not entitled thereto." 28 U.S.C. 2243), and then ordered a response, the petition has been held to make out a prima facie case for relief, and that relief must be granted, "forthwith."

Judge Wilson's initial finding of merit is the law of this case.

Respectfully submitted,

_____
STEPHEN YAGMAN

CERTIFICATE OF SERVICE

I personally served the foregoing paper, pursuant to this court's Oct. 4, 2010 order, by placing it in an envelope addressed to his lawyer and putting the envelope in the institutional mail drop on Oct. 8, 2010.

_____
STEPHEN YAGMAN